UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SHARON HINES, o/b/o E.J., Jr.,

                **Plaintiff,**

        v.                                    6:03-CV-381
                                                (FJS/GHL)

JO ANNE B. BARNHART, Commissioner of
Social Security,

                **Defendant.**
_____

**APPEARANCES**                                  **OF COUNSEL**

**OLINSKY & DIMARTINO, LLP**        **JAYA A. SHURTLIFF, ESQ.**
300 South State Street
Fifth Floor
Syracuse, New York 13202
Attorneys for Plaintiff

**OFFICE OF THE UNITED**          **WILLIAM H. PEASE, AUSA**
**STATES ATTORNEY**
100 South Clinton Street
P.O. Box 7198
Syracuse, New York 13261
Attorneys for Defendant

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

       In January 1999, Plaintiff filed an application for Social Security Insurance benefits on behalf of E.J., Jr., a minor child. The application was administratively denied. On November 21, 2000, an Administrative Law Judge issued a decision denying Plaintiff's claim for benefits. The Appeals Council denied review of the hearing decision, and Plaintiff commenced this action.

By Stipulation and Order, dated November 10, 2003, the parties agreed to remand the matter to the Social Security Administration for further proceedings pursuant to the sixth sentence of 42 U.S.C. § 405(g) because the file for this case could not be located.[1]  The Appeals Council remanded the matter to an Administrative Law Judge for reconstruction of the file and further proceedings. On November 22, 2004, the Administrative Law Judge issued a decision, without a hearing, that was fully favorable to Plaintiff, determining that E.J. had been disabled since January 6, 1999.

Currently before the Court is Plaintiff's motion for entry of a final judgment[2] and for

---

[1] This Court retained jurisdiction over the matter.  Sentence six of 42 U.S.C. § 405(g) provides that

> [t]he court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and, in any case in which the Commissioner has not made a decision fully favorable to the individual, a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based.

42 U.S.C. § 405(g).

[2] Plaintiff moves for entry of a final judgment so that she can pursue her motion for attorney's fees.  Since the Administrative Law Judge's determination upon remand is fully favorable to Plaintiff, and the Government does not object to entry of judgment in Plaintiff's favor, the Court grants Plaintiff's motion.

attorney's fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2142(a), (d), and for attorney's fees pursuant to 42 U.S.C. § 406(b).

## II. DISCUSSION

A.  **Attorney's fees and costs under 42 U.S.C. § 406(b)**

Section 406(b)(1)(A) of Title 42 of the United States Code provides that,

> [w]henever a *court* renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security, may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, **certify the amount** of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or **certified for payment** for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A) (emphasis added).[3]

In 2004, Congress enacted the Social Security Protection Act of 2004 ("SSPA"), 118 Stat. 493 (2004), section 302 of which amended 42 U.S.C. § 1383(d)(2) by temporarily extending the attorney fee payment system – attorney fee withholding and direct payment process – to Title XVI (SSI) claims. *See* 118 Stat. 493 (2004).

Defendant argues that, because the provisions of the SSPA were not effective until February

---

[3] The emboldened text indicates language that the Temporary Extension of Attorney Fee Payment System to Title XVI Claims changed. The phrase "certify the amount of such payment" was changed to "pay the amount of such fee" and the phrase "certified for payment" was removed. *See* 118 Stat. 493.

2005, and the ALJ's decision was effectuated in December 2004, the provisions of the SSPA that extended the attorney fee withholding and direct payment process to SSI claims do not apply in this case. *See* Defendant's Response at 5. However, § 406(b)(1)(A) clearly pertains to a *court* rendering a judgment favorable to the claimant. Since this Court will enter its judgment subsequent to the effective date of the SSPA amendment that temporarily extends the attorney fee payment system to SSI claims and prior to the effective date of the sundown provision in § 302, the Commissioner would have the authority under the Social Security Act to withhold past-due SSI benefits for payment of attorney's fees under 42 U.S.C. § 406(b). Accordingly, the Court finds that Plaintiff is entitled to have the Commissioner withhold and pay attorneys fees under § 406(b) from past-due SSI benefits in this case.

**B.     Attorney's fees under the Equal Access to Justice Act ("EAJA")**

The EAJA provides, in pertinent part, that,

> [e]xcept as otherwise specifically provided by statute, a court shall award to a prevailing party . . . fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by the party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make the award unjust.

28 U.S.C. § 2412(d)(1)(A).

Therefore, "[w]hen seeking attorney's fees under the EAJA, a prevailing party must first allege that the Government's underlying actions were not substantially justified." *McKay v. Barnhart*, 327 F. Supp. 2d 263, 267 (S.D.N.Y. 2004) (citations omitted). The Second Circuit has

"held that the burden of establishing substantial justification rests on the government, and that a 'strong showing' is required to meet that burden." *Aulet v. Chater*, No. 92 Civ. 8341, 1996 WL 175093, *3 (S.D.N.Y. June 19, 1996) (citing *Watt*, 722 F.2d at 1085) (other citation omitted). "A position is 'substantially justified' where the position is 'justified to a degree that could satisfy a reasonable person.'" *Encarnacion v. Barnhart*, No. 00 Civ. 6597, 2004 WL 102765, *2 (S.D.N.Y. Jan. 21, 2004) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S. Ct. 2541, 101 L. Ed. 2d 490 (1988)) (other citation omitted). "It must have enough foundation in law and fact that a reasonable person could think it correct; in other words, such position must be sufficiently colorable to engender 'genuine dispute.'" 32 Am. Jur. 2d *Federal Courts* § 339 (footnote omitted). "[U]nless the position of the [Government is] substantially justified, [the] [c]ourt must award [the] [p]laintiff reasonable attorney's fees." *Aulet,* 1996 WL 175093, at *2.

In *Rosado*, the court held that, "[b]ecause documentation of the severity of [the petitioner's] medical complaints was lacking until the second hearing. . . . the Secretary's initial position was substantially justified . . . ." *Rosado v. Bowen*, 823 F.2d 40, 41 (2d Cir. 1987). However, "[a] [c]ourt's inquiry does not end simply because new medical evidence guided [the ALJ's] final decision[;]" it must also "consider whether the government's actions during the first proceedings were substantially justified, even in the absence of the new evidence." *Crudele v. Chater*, No. 92 CIV. 7912, 1997 WL 198076, *2 (S.D.N.Y. Apr. 23, 1997) (holding that the Government failed to offer any argument to meet its burden of proving substantial justification when its sole argument was that, based upon *Rosado,* new medical evidence governed the determination of substantial

5

justification).[4]

Defendant contends that her "position that a finding of disability had not been warranted prior to remand" is supported by the fact that the ALJ's decision after remand "indicates that the finding of disability was based on new medical evidence, [the IQ test,] that was obtained subsequent to remand . . ." and had not been available prior to remand due to E.J.'s age. *See* Defendant's Response at 7-8. The IQ test factually supports the ALJ's November 2004 decision that Plaintiff was disabled under § 112.05D of the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1, Part B. However, as the court in *Crudele* stated, this Court's "inquiry does not end simply because new medical evidence guided [the ALJ's] final decision." *Crudele*, 1997 WL 198076, at *2. This Court must also consider whether Defendant's position in the first proceeding, where Plaintiff was found not to be under a disability, was substantially justified. Much like in *Crudele*, Defendant fails to provide any argument that her position was substantially justified beyond her contention that the new medical evidence controls the determination of substantial justification.

Moreover, Plaintiff contends that the IQ test upon which Defendant relies to support her argument that her initial determination was substantially justified is cumulative of the evidence that existed in the file prior to remand. *See* Plaintiff's Reply at 3. This evidence includes psychological reports,[5] speech and language evaluations, occupational therapy evaluations, and an individualized

---

[4] The court in *Crudele* went on to discuss the ALJ's failure in the prior proceedings to take into account the plaintiff's non-exertional impairments. *See Crudele*, 1997 WL 198076, at *3.

[5] These reports include the Bayley Mental Scale results, Vineland tests, the Rosetti Infant-Toddler Language Scale test, Pre-school Language Scale-3, and REEL-2. *See* Plaintiff's Reply at
(continued...)

6

education program form. *See id.* According to Plaintiff's recounting of the evidence in the file,[6] E.J. is significantly delayed according to the Bayley Mental Scale, which indicated that at 27 months his mental age equivalent was determined to be 16 months, and the Vineland tests showed that he was the equivalent of 14 months in communication and 19 months in daily living. *See id.* The school psychologist indicated that these results may be overestimates of the abilities actually observed during the assessment. *See id.* At 27 months his language equivalent was that of a 9-12 months old child, his expressive language that of a 12-15 months old child, and his total language score on the Pre-school Language Scale-3 was the equivalent of a one year and three months old child, exactly half his age; the conclusion reached was that E.J. had significant receptive language delays of approximately 15 months and expressive language delays of approximately 12 months. *See id.* at 5. The psychologist also noted that E.J. had difficulty following simple instructions, decreased attending skills for both language and non-language tasks, and difficulty with self-modulation and organization probably with sensory processing delays. *See id.*

Defendant does not dispute that this information was considered in the first proceeding, nor does she indicate what Listing of Impairment the ALJ considered at that proceeding.[7] There are several parts to § 112.05; and it appears that, if Plaintiff's representation of the record is correct, the ALJ could have determined that Plaintiff was impaired under § 112.05 at the first hearing. Furthermore, the Social Security Administration's regulations provide that,

---

[5](...continued)
4.

[6] The parties did not provide the record to the Court.

[7] Defendant's only argument is that the new medical evidence, E.J.'s IQ test, was introduced after the remand.

> [w]hen a child has a medically determinable impairment that is not listed, an impairment that does not meet the requirements of a listing, or a combination of impairments no one of which meets the requirements of a listing, we will make a determination whether the child's impairment(s) medically or functionally equal the listings. This determination can be especially important in older infants and toddlers (age 1 to attainment of age 3), who may be too young for identification of specific diagnosis, yet demonstrate serious functional limitations. Therefore, the determination of equivalency is necessary to the evaluation of *any child's case* when the child does not have an impairment that meets the listing.

20 C.F.R. Part 404, Subpart P, Appendix 1, Part B §112.00A.

Defendant has presented no evidence that the ALJ considered E.J.'s functional equivalency in the first proceeding as the regulations require. Accordingly, because Defendant has not met its burden, the Court finds that Defendant's initial position was not substantially justified and that, therefore, Plaintiff is entitled to an award of attorney's fees and costs under the EAJA.

C.     **Award of Attorney's Fees**[8]

    *1. Fees under 42 U.S.C. § 406(b)*[9]

Section 406(b)(1)(A) provides, in part, that "the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total past due benefits to which the claimant is entitled by reason of such judgment . . . ." 42 U.S.C. § 406(b)(1)(A). "[I]t is a court's responsibility to determine whether the requested fees are unreasonable . . . ." *Boyd v. Barnhart*, No. 97 CV 7273, 2002 WL 32096590, *2 (E.D.N.Y. Oct. 24, 2002) (citation omitted). Therefore, where the plaintiff and her attorney have entered into a contingency fee agreement "[c]ourts should test[] that agreement for reasonableness." *Joslyn v. Barnhart*, 389 F. Supp. 2d 454, 456 (W.D.N.Y. 2005) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 808, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002)). "[C]ontingent-fee agreement[s are] not *per se* reasonable." *Id.* In determining whether the contingency fee agreement is reasonable, the court must consider (1) whether the percentage is within the twenty-five percent cap; (2) whether there

---

[8] Defendant does not object to the amount of attorney's fees that Plaintiff requests.

[9] "The time expended prior to . . . when preparation of the civil complaint began, is not compensable under section 406(b). An administrative fee petition must instead be made before the Secretary pursuant to 42 U.S.C. § 406(a)." *Koteras v. Sullivan*, No. CIV-81-751E, 1989 WL 148383, *1 (W.D.N.Y. Nov. 29, 1989). However, the court in *Koteras* found that a plaintiff could recover fees for representation in proceedings on administrative remand under 42 U.S.C. § 406(b). *See id.* That court reasoned that the Supreme Court's holding that "administrative proceedings on remand from a district court retaining jurisdiction constitute part of the 'civil action' within the meaning of the EAJA" could be readily transported to the Social Security Act; and, therefore, fees are available for administrative proceedings on remand from a district court retaining jurisdiction. *Id.* (citation omitted). At least one district court in this Circuit has limited this rule to sentence six remands. *See Edwards v. Barnhart*, 238 F. Supp. 2d 645, 651(S.D.N.Y. 2003) (citation omitted) (finding that fees are available for post-remand administrative proceedings when the remand is pursuant to sentence six of 42 U.S.C. § 405(g)). The Court does not need to address whether this limitation is justified because it remanded this case pursuant to sentence six of 42 U.S.C. § 405(g).

was any fraud or overreaching in making the agreement; and (3) whether the amount of the fee would be so large as to be a windfall to the attorney. *See Boyd*, 2002 WL 32096590, at *2. Furthermore, "the . . . court 'must give due deference to the intent of the parties.'" *Id.* (quotation omitted).

As Plaintiff's attorney states, the contingency-fee agreement in this case indicates that Plaintiff will pay a twenty-five percent contingency fee to her attorney if Plaintiff is successful and receives past-due SSI benefits. *See* Affidavit of Jaya A. Shurtliff, sworn to February 15, 2006 ("Shurtliff Aff."), at ¶ 4. However, Plaintiff's attorney fails to quote the remainder of the agreement, which provides that "[i]f [Plaintiff] win[s] [she] . . . assign[s] to [her] attorney for his services in this matter, the sum of **Twenty-five percent (25%)**, of any and all monies received as past due benefits *or* **Four Thousand Dollars ($4,000)**, *whichever is less*, in satisfaction of the claim, whether realized by settlement or by trial and judgment." *See id.* (italics added). The agreement also states that Plaintiff understands that her "*total legal fee* will be no more than 25% of all past-due benefits, or *no more than $4,000*." *See id.* (italics added)

The contingency fee percentage is equal to § 406(b)(1)(A)'s twenty-five percent cap; and the hours that Plaintiff's attorney expended, approximately 43.25, are reasonable. Plaintiff received $25,546.80 in past-due benefits, *see* Shurtliff Aff. at ¶ 2, twenty-five percent of which is $6,636.70, *see id.* at ¶ 4, or approximately $153.45 per hour. There is no evidence in the record of any fraud or overreaching in entering into the agreement or undue delay on the part of Plaintiff's counsel to increase her fee. The agreement takes into account the risk that Plaintiff's attorney would not get paid and Plaintiff's willingness to pay more than a particular hourly rate. The agreement also places an additional cap on the fee, indicating that Plaintiff will pay the lesser of 25% of all past-due

10

benefits, i.e., $6,636.70, or $4,000.00.  Finally, there is no evidence that the bargained-for fee would be a windfall to Plaintiff's attorney in light of the fact that she was successful in obtaining past-due SSI benefits for Plaintiff, appears to have handled the case efficiently without undue delay, and adequately briefed the issues.  *See* Shurtliff Aff. at ¶ 10.  Accordingly, the Court finds that the contingency fee agreement is reasonable; and, therefore, based upon the unambiguous terms of that agreement, the Court awards Plaintiff attorney's fees under § 406(b) in the amount of $4,000, the lesser of the two amounts allowed for under that agreement.

### 2. Fee award under the EAJA

> [T]he amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A).

Fees are available for post-remand administrative proceedings when the remand was pursuant to sentence six of 42 U.S.C. § 405(g).  *See Edwards*, 238 F. Supp. 2d at 651 (citation omitted).  Furthermore, "a prevailing party who is found to be eligible to receive attorney's fees pursuant to the EAJA also is entitled to recover any fees incurred in applying for such award." *Flanders v. Shalala*, No. 91-CV-337, 1994 WL 329482, *5 (N.D.N.Y. July 1, 1994) (citation omitted).  However, "'[t]he district court should . . . exclude from this initial fee calculation hours that were not "reasonably expended" . . . [including] hours that are excessive, redundant, or otherwise unnecessary.'"  *McLaurin v. Apfel*, 95 F. Supp. 2d 111, 114 (E.D.N.Y. 2000) (quoting *Hensley*, 461 U.S. at 433, 103 S. Ct. at 1939).  Finally, when calculating the fees with a cost of

living adjustment, "the hourly rate . . . should only be increased by the corresponding Consumer Price Index for each year in which the legal work was performed." *Kerin v. U.S. Postal Serv.,* 218 F.3d 185, 194 (2d Cir. 2000) (citing *Masonry Masters, Inc. v. Nelson,* 105 F.3d 708, 711-13 (D.C. Cir. 1997)) (other citations omitted).

### a. Hourly Rate

Ten years have passed since the amendment of § 2412(d)(2)(A), and, therefore, the Court finds that an increase in the cost of living justifies a higher fee than $125 per hour.  Plaintiff submits a detailed accounting of the legal services that her attorney performed and the hours that her attorney spent performing such services.  In addition, Plaintiff has submitted the Consumer Price Index used for calculating the increase in the cost of living and states that, applying this increase in the cost of living index, the applicable hourly rates are $148.18 for 2003, $151.10 for 2004, and $157.88 for 2005 and 2006.  *See* Shurtliff Aff. at ¶ 13.  The Court has reviewed Plaintiff's submissions and concludes that these rates are correct.

### b. Award under the EAJA

Plaintiff claims that her attorney performed 50.5 hours of work on the federal court action and the remand proceedings.  These hours do not appear to be excessive, redundant or unnecessary. Plaintiff calculates that she is entitle to EAJA fees in the amount of **$7,663.83,** calculated as follows:

| Year | Hourly Rate | Hours | Total |
| --- | --- | --- | --- |
| 2003 | $148.18 | 9.5 | $1,407.71 |
| 2004 | $151.10 | 32 | $4,835.20 |
| 2005 | $157.88 | 6.5 | $1,026.22 |
| 2006 | $157.88 | 2.5 | $394.70 |
|  |  |  | **$7,663.83** |

However, the EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . *incurred* by that party in any civil action . . . ." 28 U.S.C. § 2412(d)(1)(A) (emphasis added). Although based upon the hours that Plaintiff's attorney expended on this case, EAJA fees in the amount of $7,663.83 would be reasonable, "a party 'actually incurs' only the amount owed under a contingency fee agreement." *Marre v. United States*, 38 F.3d 823, 828 (5th Cir. 1994) (quoting *United States v. 122.00 Acres of Land*, 856 F.2d 56, 58 (8th Cir. 1988)) (stating further that "[t]his interpretation is consistent with other decisions under § 7430 and the. . . EAJA" (citations omitted)). In light of the unambiguous language of § 2412(d)(1)(A), the Court finds the reasoning of the *Marre* court persuasive; and, therefore, the Court awards Plaintiff attorney's fees under the EAJA in the amount of $4,000.

### 3. Awards of both EAJA fees and fees under § 406(b)

"[I]f an award for attorney's fees is ordered both pursuant to the EAJA and pursuant to 42 U.S.C. § 406(b)(1), the lesser of the two awards must be returned to the claimant." *Joslyn,* 389 F. Supp. 2d at 457 (citation omitted). "'[A]n EAJA award offsets an award under Section 406(b), so that the [amount of the total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits.'"

13

*Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (quotation omitted).

Moreover, the EAJA specifically provides that the "court shall award to a ***prevailing party*** . . . fees and expenses." 28 U.S.C. § 2412(d)(1)(A) (emphasis added). In other words, § 2412 provides for an award of fees to the prevailing party, not to the prevailing party's attorney, *see id.*; and courts have held that an attorney cannot "'directly claim or be entitled to the award'" under the EAJA. *See FDL Techs., Inc. v. United States*, 967 F.2d 1578, 1580 (Fed. Cir. 1992) (quoting [*Philips v. Gen. Servs. Admin.*, 924 F.2d [1577] at 1582 [(Fed. Cir. 1991)]).

The law is clear that the smaller of the EAJA fee or the § 406(b) fee must be returned to Plaintiff. In this case, both the fees are the same. By refunding the $4,000 EAJA fee to Plaintiff, Plaintiff would receive one hundred percent of the past-due benefits, as the Court in *Gisbrecht* requires.[10]

### III. CONCLUSION

After carefully considering the file in this matter, the parties' submissions and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Plaintiff's motion pursuant to 42 U.S.C. § 405(g) for entry of a final judgment is **GRANTED**; and the Court further

---

[10] The Court notes that Plaintiff's counsel argues that the Court should pay both fees directly to her because Plaintiff has not yet paid the fees that she owes pursuant to her contingency agreement. *See* Shurtliff Aff. at ¶ 6. Since the Court has found that, in this case, the Commissioner can withhold past-due SSI benefits for payment of attorney's fees awarded under § 406(b), the award under § 406(b) could be paid directly to Plaintiff's counsel. However, the Court has no authority to award EAJA fees directly to Plaintiff's attorney; it must award those fees to Plaintiff. Accordingly, the Court finds that Plaintiff's counsel is not entitled to direct payment of the EAJA award because she is not entitled to claim it directly.

**ORDERS** that Plaintiff's motion pursuant to 42 U.S.C. § 406(b)(1) for attorney's fees is **GRANTED** in the amount of **$4,000**; and the Court further

**ORDERS** that Plaintiff's motion for attorney's fees under the EAJA is **GRANTED** in the amount of **$4,000**; and the Court further

**ORDERS** that the Clerk of the Court enter judgment in favor of Plaintiff and close this case.

**IT IS SO ORDERED**

Dated: July 13, 2006
　　　　Syracuse, New York

　　　　　　　　　　　　　　　　　　　　　　　　Frederick J. Scullin, Jr.
　　　　　　　　　　　　　　　　　　　　　　　　Senior United States District Court Judge